UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUI LIAN KE,<br><br>        Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN,<br><br>        Defendant. | Case No. 17-cv-02464-VC<br><br>**ORDER DENYING MOTIONS TO RE-FILE HABEAS PETITION AND FOR IN-CHAMBERS MEETING; DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**<br><br>Re: Dkt. Nos. 15, 16 |

      On March 2, 2018, Petitioner Hui Lian Ke, incarcerated at the Elmwood Correctional Facility, filed a one-page pleading entitled, "Habeas Corpus," which was filed as a new habeas action and assigned to United States Magistrate Judge Sallie Kim.[1] On May 3, 2017, the clerk of the court advised Ke that her habeas action was deficient because it was not submitted on the proper form, and sent Ke a blank copy of the court's form for a petition for a writ of habeas corpus and advised Ke that if she did not submit a completed petition on the proper form within 28 days, the petition would be dismissed and the file closed. On June 19, 2017, because more than 42 days had elapsed and Ke had not submitted the requisite completed form, Magistrate Judge Kim dismissed the petition without prejudice.

      On January 25, 2018, Ke filed a motion to re-file her habeas petition and, on January 26, 2018, she filed a motion for an in-chambers meeting with the judge. On February 6, 2018, Magistrate Judge Kim issued an order directing the clerk to reopen the case and to reassign it to a

---

[1] Ke later filed two other petitions for a writ of habeas corpus: *Ke v. Davis*, Case No. C 17-4826 VC and *Ke v. Matteucci*, Case No. C 17-6717 VC.

district judge pursuant to *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate judge lacks jurisdiction over a case unless all named parties, including unserved ones, consent to magistrate judge's jurisdiction).

The case was reassigned to the undersigned district judge, who has reviewed the record. The case was correctly dismissed without prejudice on June 19, 2017 because Ke had not filed a proper petition within the 28 days granted to her. Furthermore, the petition would have been dismissed without prejudice for failure to state a claim because none of the claims, presumably based on Ke's incarceration at the Elmwood Correctional Facility, are comprehensible. Ke's motion to re-file a habeas petition also attempts to allege claims that are incomprehensible. Therefore, this motion is denied. Furthermore, the petition now will be dismissed with prejudice because Ke's subsequent petition, *Ke v. Davis*, No. C 17-4826, also alleges claims about her incarceration at the Elmwood Correctional Facility.

## CONCLUSION

The motions to re-file a petition and for an in-chambers meeting are denied. The petition is dismissed with prejudice. The clerk of the court shall issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 6, 2018

VINCE CHHABRIA
United States District Judge